# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KAREN THIBODEAUX** | * | **CIVIL ACTION: 2:23-cv-05808** |
| | * | |
| **VERSUS** | * | **JUDGE:** |
| | * | |
| **STATE FARM FIRE AND CASUALTY COMPANY** | * | **MAGISTRATE JUDGE:** |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NOTICE OF REMOVAL

**NOW COMES**, through undersigned counsel, Defendant State Farm Fire and Casualty Company who, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removes this matter from the 21st Judicial District Court for the Parish of Tangipahoa to the docket of this Honorable Court.

### I.   INTRODUCTION

This is an insurance coverage and bad faith case. On August 18, 2023, Plaintiff filed her Petition in Cause No. 2023-2935 in the 21st Judicial District Court for the Parish of Tangipahoa, Louisiana. *See* Petition for Damages, attached hereto as **Exhibit A**. State Farm was served with the Petition on September 5, 2023. *See* Service Documents, attached hereto as **Exhibit A**. The suit arises from a claim for property damage and alleged arbitrary and capricious, bad faith related extra-contractual damages made by Plaintiff under his State Farm policy no. 18-EW-7894-9, which is incorporated by reference into Plaintiff's Petition and a copy of which is attached hereto as **Exhibit B** (*to be supplemented*).

Removal is based on diversity jurisdiction because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and there is complete diversity between Plaintiff and Defendant.

Plaintiff alleges multiple causes of action against State Farm related to its handling of an insurance claim submitted by its following Hurricane Ida. Specifically, Plaintiff alleges State Farm was arbitrary and capricious for its failure to timely pay for the undisputed damages under its policy, as well as in breach of the insurance contract. *See* **Exhibit A**.

State Farm now files this Notice of Removal based on the grounds asserted herein, and promptly upon the filing of same, is also filing a Notice of Filing of Notice of Removal with the state court in which this case was previously pending.

**II.    GROUNDS FOR REMOVAL**

This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because the parties involved are citizens of different states, and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

**A.    Complete Diversity Exists Between the Parties**

The Petition alleges that Plaintiff is a person of the full age of majority and resident of Tangipahoa Parish, Louisiana. *See* **Exhibit A**. Thus, Plaintiff is a citizen of Louisiana for the purposes of diversity jurisdiction.

State Farm was, at the time this action commenced, and still is, incorporated in and maintains its principal place of business in Illinois. Accordingly, State Farm is a citizen of Illinois pursuant to 28 U.S.C. § 1332(c)(1).

**B.    The Amount in Controversy Exceeds $75,000.00**

Additionally, the claims asserted by Plaintiff far exceed $75,000.00. Plaintiffs seek the following damages:

a. Diminution of the value of the Property;

b. Emergency repair, actual repair, remediation, and mitigation costs;

c. Reimbursement for personal repairs at the Property;

d. Actual costs related to personal property manipulation, cleaning, repair, and/or replacement;

e. Additional living expenses;

f. Loss of Use;

g. Mental anguish and emotional distress;

h. Actual, compensatory, and general damages proximately caused by Defendant's breaches of duties and breaches of contract;

i. General damages, special damages, punitive damages, statutory penalties, and all other relief delineated in La. R.S. §§ 22:1892 and 22:1973;

j. Attorney's fees, other professional fees and costs, and litigation costs associated with the bringing of this action; and

k. All other losses that will be proven through discovery or at the trial of this matter.

*See* **Exhibit A** at paragraph 54.

The Fifth Circuit has "established a clear analytical framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts pursuant to § 1332(a)(1)." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882–83 (5th Cir. 2000). Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages, "[t]he defendant may prove that amount either by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth facts in controversy that support a finding of the requisite amount." *Id.*

To meet this burden, the defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and, if contested, a court will determine whether the threshold is met by a preponderance of the evidence. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553–54 (2014).

Further, attorney's fees must be included in determining the amount in controversy because La. R.S. 22:1892 allows for recovery of attorney's fees and costs. See *Roth v. Inspectorate Am. Corp.*, No. CV 19-876-SDD-SDJ, 2020 WL 5835317, at *3 (M.D. La. Sept. 15, 2020) (quoting *Grant v. Chevron Phillips Chem. Co.*, 309 F. 3d 864, 869 (5th Cir. 2002) ("court's jurisdictional-amount calculus must include attorney's fees when an applicable Louisiana statute allows the award of such fees.").

Plaintiff has previously submitted a demand and estimate prepared by his public adjuster, Exact Building Consultants, which totaled $86,940.03. *See* Plaintiff's Public Adjuster Estimate, attached hereto as **Exhibit C**. Furthermore, if Plaintiff is able to meet her burden of proving that State Farm arbitrarily failed to timely pay the amounts owed, then State Farm may be liable for fifty percent of the amount owed but untimely paid – namely, an additional $43,470.02. *See* La. R.S. 22:1892 (B)(1). This does not take into account attorney fees, which the Plaintiff alleges are owed.

Thus, the combination of the amounts claimed by Plaintiff pursuant to his State Farm policy with the amount of penalties and attorney's fees far exceeds $75,000.00 and satisfies the requirement for the amount in controversy under 28 U.S.C. § 1332(a).

    **C.**    **Plaintiff Did Not File a Binding Stipulation Limiting Recovery With The Petition**

To determine whether jurisdiction is present for removal, the federal courts consider the claims made in the state court petition as they existed at the time of removal. *See Manguno v.*

*Prudential Property & Casualty Inc. Co.*, 276 F.3d 720 (5th Cir. 2002). The Seventh Circuit has held that when, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, St. Paul makes later filings irrelevant." *In re Shell Oil Co.*, 970 F.2d 35, 356 (7th Cir.1992) (per curiam), *citing St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 US 283, 58 S.Ct. 586 (1938). The state court stipulation from the plaintiff must include the renunciation of the right to enforce a judgment in an amount greater than $75,000. *See Davis v. State Farm Fire and Casualty, et. al.*, 2006 WL 1581272, *2 (E.D.La. 2006).

Here, no such binding stipulation and renunciation has been made in the Petition. While State Farm admits neither liability nor any element of damages, under the rules of *Shell* and *Davis*, State Farm has met its burden of showing that that the amount in controversy is in excess of $75,000.00.

### III. VENUE

Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending, the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana.

### IV. PROCEDURAL REQUIREMENTS

First, there exists an actual and justiciable controversy between Plaintiff and Defendant with regard to the legal issues herein. Second, this controversy is within the jurisdiction of this Court. Third, State Farm's Notice of Removal was filed within thirty (30) days of service of the Plaintiff's Petition and was timely filed under 28 U.S.C. §1446(b). Furthermore,

   a) Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders and all other filings in the state court action are attached to this Notice. *See* **Exhibit D**.

b) Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same. *See* **Exhibit E**.

c) Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal will be filed with the District Clerk for the 21st Judicial District Court for the Parish of Tangipahoa, Louisiana promptly after filing of same. *See* **Exhibit E**.

d) Lastly, pursuant to 28 U.S.C. § 1446(a), the following exhibits are attached and indexed to this Notice of Removal:

| **EXHIBIT** | **DESCRIPTION** |
|---|---|
| **A.** | Plaintiffs' Petition; Service / Citation Return |
| **B.** | Copy of State Farm Policy Number 18-EW-7894-9 *(to be supplemented)* |
| **C.** | Copy of Plaintiff's Public Adjuster Estimate |
| **D.** | Copy of State Court Record |
| **E.** | State Farm's Certificate of Compliance |

WHEREFORE, Defendant, State Farm Fire and Casualty Company, prays that this Notice of Removal will be deemed sufficient and that this matter is accepted on this Court's docket.

Respectfully submitted,

*/s/ Alex A. Lauricella*

DAVID A. STRAUSS, #24665
ALEX A. LAURICELLA, #37766
STRAUSS MASSEY DINNEEN LLC
935 Gravier Street, Suite 1250
New Orleans, Louisiana 70112
Telephone:   (504)380-0290
Facsimile:    (504)332-8434
dstrauss@smd-law.com
alauricella@smd-law.com

*Attorneys for Defendant,*
*State Farm Fire and Casualty Company*

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

*/s/ Alex A. Lauricella*

ALEX A. LAURICELLA